# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TRAMAINE ASHFORD,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO:** |
| **NORTHSIDE HOSPITAL, INC. and LAUREATE MEDICAL GROUP at NORTHSIDE, LLC** | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Tramaine Ashford ("Mr. Ashford" or "Plaintiff") by and through his undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against Northside Hospital, Inc. (hereafter "Defendant Northside"), and Laureate Medical Group at Northside, LLC (hereafter "Defendant Laureate") (collectively referred to as "Defendants"), as follows.

## NATURE OF THE ACTON

1

1. This action is to correct unlawful employment practices engaged in by Defendants concerning Mr. Ashford, a member of the Defendants' front office personnel team at its Laureate Medical Group practice in Alpharetta, Georgia.

On or about Friday, November 4, 2022, while at work at the front desk, Mr. Ashford witnessed a white female co-worker use the "N-word" during a conversation with a patient, who was also white. Mr. Ashford was very insulted by her use of this racial epithet, so he immediately reported it to a Northside office manager, Nikisha Combs, who in turn reported the complaint to Northside's management, including but not limited to his supervisor Jasmine Lewis.

After making this report on November 4, 2022, Mr. Ashford was abruptly sent home early by Defendants without any explanation, and this indefinite leave prompted him to seek clarification from his supervisor, Ms. Lewis. Despite his attempts to contact her on Monday, November 7, 2022, and Tuesday, November 8, 2022, Ms. Lewis neither accepted his calls nor responded to his voicemails. It was only on Wednesday, November 9, 2022, that Ms. Lewis finally reached out to Mr. Ashford, delivering the news that Defendants had terminated his employment.

In this lawsuit, Mr. Ashford brings claims against Northside for its violation of 42 U.S.C. 2000e *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII") for its retaliatory and discriminatory termination of his employment.

## PARTIES

2. Mr. Ashford is an individual and a resident of the state of Georgia.

3. Defendant Northside is a healthcare company headquartered in Atlanta, Georgia, that provides healthcare services to patients primarily in northern Georgia.

4. Defendant Laureate is a branch, division, or subsidiary company within Northside Hospital, Inc.

## SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. § 1331 and § 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

## PERSONAL JURISDICTION

6. Defendant Northside is a domestic nonprofit corporation doing business in the state of Georgia; as such, Defendant Northside may be served with process concerning this civil action upon its registered agent: Susan Sommers, 980 Johnson Ferry Road, Suite 70, Atlanta, Georgia 30342.

7. Defendant Laureate is a limited liability company doing business in the state of Georgia; as such, Defendant Laureate may be served with process concerning this civil action upon its registered agent: Susan Sommers, 980 Johnson Ferry Road, Suite 70, Atlanta, Georgia 30342.

## VENUE

8. Venue is proper in this District (1) pursuant to 28 U.S.C. § 1391(b) (1) and (2) because Defendants are located in this District, and the employment practices engaged in by Defendants concerning Plaintiff, which include events and omissions, occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

9. Mr. Ashford filed a Charge of Discrimination, Number 410-2023-05646, against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2023 (See Exhibit No. 1).

10. On October 12, 2023, the EEOC issued Mr. Ashford a Dismissal and Notice of Rights Letter for EEOC Charge Number 410-2023-05646 ("Right-to-Sue Letter") (See Exhibit No. 2).

11. Mr. Ashford has filed this present civil action within 90 days of receiving his Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

### *Background*

13. Mr. Ashford began his employment with Defendants in or about February of 2020.

14. Throughout his employment with Defendants, he worked as a front office personnel team member.

### *Mr. Ashford's Hostile Work Environment Complaint*

15. During relevant periods of his employment with Defendants, Louisa Keyes also worked as a member of Defendants' front office personnel with Mr. Ashford.

16. Ms. Keyes is white.

17. Mr. Ashford is African American.

18. One day on or about Friday, November 4, 2022, while working at the front desk, Ms. Keyes used the N-word during conversation with a patient who is also white.

19. Mr. Ashford clearly heard Ms. Keyes use the N-word during the conversation, and he was immediately very insulted by her use of this highly inflammatory racial epithet.

20. In response to being subjected to a hostile work environment due to a co-worker's use of a racial epithet, the very same day it happened he reported it to Laureate's office manager, Nikisha Combs.

21. Upon information and belief, Ms. Combs reported the incident to Defendants' management team, including but not limited to Mr. Ashford's supervisor, Jasmine Lewis.

22. On November 4, 2022, Mr. Ashford was sent home early by Defendants, indefinitely, with no explanation.

23. While Mr. Ashford was on this unexplained leave, he contacted his supervisor, Ms. Lewis, on several occasions. He called her on Monday, November 7, 2022, and Tuesday, November 8, 2022, for clarification concerning his leave. Ms. Lewis did not accept his calls on either day or return his voicemails.

24. On Wednesday, November 9, 2022, Ms. Lewis called Mr. Ashford and told him that Defendants terminated his employment.

25. Defendants have not fired other non-African American employees for making complaints about harassment in the workplace.

## COUNT I

**(Retaliation in Violation of Title VII)**

**(against Defendant Northside and Defendant Laureate)**

26. Mr. Ashford incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

27. On or about November 9, 2022, five days after reporting that a white co-worker used the N-word in his presence and thus subjected him to a racially hostile work environment, Mr. Ashford was abruptly sent home and then fired.

28. Defendant violated 42 U.S.C. § 2000e-3(a) because it terminated Mr. Ashford's employment in retaliation for engaging in the protected activity of opposing practices (i.e., a hostile work environment) that he reasonably believed was a violation of Title VII.

29. This unlawful termination has caused Mr. Ashford to experience emotional distress, humiliation, embarrassment, mental anguish, lost wages, lost benefits, and other economic harm.

**COUNT II**
**(Termination in Violation of Title VII)**
**(against Defendant Northside and Defendant Laureate)**

30. Mr. Ashford incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

31. Mr. Ashford is African American; moreover, other similarly situated employees of Defendants who engaged in conduct that Defendants relied upon to terminate his employment were not terminated by the Defendants.

32. Moreover, Defendants have not terminated similarly situated white employees who have raised complaints about harassment in the workplace.

33. Defendants violated 42 U.S.C. § 2000e-2(a)(1) by discharging Mr. Ashford because of his race.

34. This unlawful termination has caused him to experience emotional distress, humiliation, embarrassment, mental anguish, lost wages, lost benefits, and other economic harm.

## COUNT III

### (Punitive Damages)

35. Mr. Ashford incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

36. Defendants engaged in discriminatory and retaliatory practices, as set forth herein, with malice or with reckless indifference to the federally protected rights of Plaintiff.

37. Accordingly, Defendants must pay Plaintiff punitive damages in accordance with applicable law.

## JURY TRIAL DEMAND

38. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above-stated claims that Defendants have violated Plaintiff's rights afforded to him under Title VII, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for his emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits;

C. Actual losses;

D. Punitive damages to the extent allowed by law;

E. Attorneys' fees and the costs of this action;

F. Prejudgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

Respectfully submitted this 10th day of January 2024.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**