IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAMAINE ASHFORD,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHSIDE HOSPITAL, INC., and<br>LAUREATE MEDICAL GROUP<br>AT NORTHSIDE, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:24-CV-140-MHC-RGV |

**ORDER**

This matter comes before the Court on the Final Report & Recommendation ("R&R") of United States Magistrate Judge Russell G. Vineyard [Doc. 10] recommending that Defendants' Motion to Dismiss [Doc. 5] be granted and that Plaintiff Tramaine Ashford ("Ashford")'s Complaint [Doc. 1] be dismissed. The Order for Service of the R&R [Doc. 11] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the service of that Order. On August 2, 2024, Ashford filed his Objections to the R&R and Motion for Leave to Amend His Complaint ("Pl.'s Objs.") [Doc. 12].

I.  BACKGROUND

Ashford, an African American man, was employed by Defendants Northside Hospital, Inc ("Northside") and Laureate Medical Group at Northside, LLC ("Laureate")[1] at the Laureate Medical Group practice in Alpharetta, Georgia, from February 2020 to November 9, 2022. Compl. ¶¶ 1, 13, 17. On Friday, November 4, 2022, while working at the front desk, Ashford "clearly heard" Louisa Keyes ("Keyes"), another member of the front office desk personnel, use the N-word during conversation with a patient. Id. ¶¶ 15, 18-19. Ashford alleges that both Keyes and the patient are white. Id. ¶¶ 16, 18. Ashford was "immediately very insulted by her use of this highly inflammatory racial epithet." Id. ¶ 19. On that same day, Ashford reported Keyes's use of the N-word to Nikisha Combs ("Combs"), the office manager. Id. ¶ 20. Ashford alleges that, "[u]pon information and belief," Combs reported the incident to Defendants' "management team," including Ashford's supervisor, Jasmine Lewis ("Lewis"). Id. ¶ 21.

Ashford alleges that he was sent home early that day with no explanation. Id. ¶ 22. Although he attempted to contact Lewis several times throughout the next few days, Lewis did not pick up the phone or return his voicemails. Id. ¶ 23. On

---

[1] Ashford alleges that Laureate is a "branch, division, or subsidiary company" of Northside. Compl. [Doc. 1] ¶ 4.

November 9, 2022, five days later, Lewis called Ashford and informed him that his employment had been terminated. Id. ¶ 24. Ashford alleges that no "other non-African American employees" have been fired "for making complaints about harassment in the workplace." Id. ¶ 25. Ashford alleges that his termination constituted retaliation for engaging in the protected activity of complaining about Keyes's use of the racial epithet. Id. ¶ 27-28.

Based on the foregoing, Ashford filed the above-styled civil rights lawsuit seeking to recover damages for Defendants' alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See generally id. Ashford alleges that his termination constituted retaliation in violation of 42 U.S.C § 2000e-3(a) (Count I), and that he was terminated because of his race in violation of 42 U.S.C. § 2000e-2(a)(1) (Count II). Id. ¶¶ 26-34. Ashford also seeks punitive damages (Count III). Id. ¶¶ 35-37.

## II.   LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections

3

need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

### III. ASHFORD'S OBJECTIONS

The Magistrate Judge recommends dismissal of each of Ashford's claims. The Magistrate Judge found that (1) Ashford's retaliation claim fails as a matter of law because Ashford fails to allege that he engaged in protected activity; (2) Ashford's discrimination claim should be dismissed because "Ashford has pleaded no facts indicating any correlation between his race and his termination in this case"; and (3) Ashford's punitive damages claim cannot proceed in the absence of any underlying substantive claims. See generally R&R. Ashford objects to the Magistrate Judge's findings as to each of his claims.

#### A. Title VII Retaliation Claim (Count I)[2]

Ashford contends that the Magistrate Judge erred in finding that Ashford failed to plead sufficient facts to support his assertion that he had an "objective belief that defendants were engaged in unlawful employment practices," R&R at 15, and that the Magistrate Judge used the wrong standard for determining the "objective belief" to support a Title VII retaliation claim. Pl.'s Objs. at 7-9.

---

[2] The Magistrate Judge recommends that Defendants' Motion to Dismiss be denied as moot insofar as Defendants seek dismissal of Ashford's hostile work environment claim under Title VII. R&R at 1 n.2; see also Br. in Supp. of Mot. to Dismiss ("Defs.' Br.") [Doc. 5-1] at 5-11 (arguing for dismissal of the hostile work environment claim); Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") [Doc. 8] at 3 n.1 (stating that Ashford does not assert a claim for hostile work environment).

Specifically, Ashford argues that, although a plaintiff seeking to proceed on a hostile work environment claim under Title VII must show that the harassment experienced by the plaintiff was "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment,'" id. at 9 (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)), a plaintiff proceeding under a retaliation claim under Title VII need only show that his belief was both subjectively and objectively reasonable that his employer engaged in unlawful employment practices. Id. at 9-10. Thus, Ashford argues that the Magistrate Judge erred in conflating the two standards.

However, in the Eleventh Circuit, "[t]he objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice must be measured against existing substantive law. Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir. 1999) (citing Harper v. Blockbuster Ent. Corp., 139 F.3d 1385, 1388 n. 2 (11th Cir. 1998)). In Clover, the plaintiff sued her former employer, asserting that its termination of her employment was done in retaliation for her participation in an investigation about sexual harassment and her opposition to the harassing conduct. Id. at 1349-50. The court analyzed whether the plaintiff had an objectively reasonable belief that her employer had

engaged in unlawful discrimination by looking to the substantive law of a hostile work environment claim. Id. at 1351.

> We do not mean to hold that the conduct opposed must actually be sexual harassment, but it must be close enough to support an objectively reasonable belief that it is. The conduct Clover described misses the mark by a country mile. It follows that Clover's belief the conduct created a sexually hostile environment for Waters was not objectively reasonable.

Id. The court found that the conduct the plaintiff described during the investigation did not "come[] anywhere near constituting sexual harassment"; thus, the plaintiff's belief that her employer had engaged in an unlawful employment practice was not objectively reasonable. Id. Accordingly, Ashford's argument that the Magistrate Judge applied the wrong standard is without merit.[3]

Ashford also argues that "[t]he facts asserted in the Plaintiff's complaint undoubtedly show that [] Mr. Ashford's belief that he was being subjected to an unlawful employment practice by the one time use of the N-Word while at work in his presence by a white co-worker was objectively reasonable." Pl.'s Objs. at 7. However, Ashford offers no argument or legal authority as to how his bare

---

[3] The Court also notes that, although Ashford argues that the standards between a hostile work environment claim and retaliation claim differ, Ashford provides no argument as to what standard the Magistrate Judge should have applied in analyzing whether Ashford had sufficiently alleged objective reasonableness. See Pl.'s Objs. at 10.

allegations that he was "subjected to a hostile work environment" and that he "reasonably believed" that Defendants violated Title VII satisfy the "objectively reasonable" inquiry. Compl. ¶¶ 20, 28. Instead, Ashford makes the conclusory argument that "his belief was objectively reasonable in light of the facts and record presented." Pl.'s Objs. at 10. "Frivolous, conclusive, or general objections need not be considered by the district court." Schultz, 565 F.3d at 136. Although Ashford may have had a subjective, good faith belief that Defendant's conduct constituted an unlawful employment practice, and although a plaintiff need not prove that the underlying conduct was, in fact, unlawful, Ashford's allegation that he overheard his white co-worker say the N-word to a white patient one time—with no allegation that it was said about him, or directed at or to him—does not "come close enough to support an objectively reasonable belief" that Defendants violated Title VII. Clover, 175 F.3d at 1351. Thus, Ashford's complaint to Combs, and her subsequent report to Lewis, cannot form the basis of his retaliation claim because it does not constitute protected conduct. The Magistrate Judge did not err in so holding. See R&R at 15-19 (collecting cases wherein courts have held that a complaint based on a single use of an ethnic or racial epithet cannot form the basis of a retaliation claim because the single remark, though "highly offensive and

severe," is not sufficiently severe or pervasive to alter the conditions of employment).

Accordingly, Ashford's objections to the Magistrate Judge's recommendation that Ashford's retaliation claim be dismissed are **OVERRULED**.

### B. Title VII Discrimination Claim (Count II)

Ashford also objects to the Magistrate Judge's findings on his discrimination claim brought pursuant to Title VII. Pl.'s Objs. at 10-11. Specifically, Ashford argues that paragraph 31 of the Complaint "clearly alleges that 'other similarly situated employees who engaged in conduct that Defendants used to justify his termination were not terminated.'" Id. at 11 (quoting Compl. ¶ 31). Ashford contends that he was not required to plead the existence of a comparator with any more specificity, and that the Complaint, proceeding under the McDonnell Douglas framework,[4] "adequately notifies the Defendants of his racial discrimination claim and the basis for it." Id.

To establish a prima facie case of discrimination, a plaintiff must show that: "1) he is a member of a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) he was replaced by someone outside his protected class or "was treated less favorably than a similarly-situated

---

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

9

individual outside his protected class." DeLeon v. ST Mobile Aerospace Eng'g, Inc., 684 F. Supp. 2d 1301, 1327 (S.D. Ala. 2010) (citing Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003)). Although a plaintiff asserting an employment discrimination claim need not allege specific facts establishing a prima facie case, the complaint "still must meet the 'plausibility standard' of Twombly and Iqbal."[5] Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (citing Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010)). Thus, Ashford's complaint must "contain 'sufficient factual matter' to support a reasonable inference that [Defendants] engaged in racial discrimination against [Ashford]." Id. at 937-38 (citing Maynard v. Bd. of

---

[5] Ashford repeatedly argues that "[a] motion to dismiss is **only** granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Pl.'s Objs. at 3-4, 12 (quoting Harper v. Blockbuster Ent. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)). However, the court in Harper was, in turn, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Conley's "no set of facts" standard was abrogated by Twombly's plausibility standard in 2007. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) ("The phrase ["no set of facts"] is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

10

Regents, 342 F.3d 1281, 1289 (11th Cir. 2003) (explaining, in the employment context, that a plaintiff fails to establish a prima facie discrimination case if she fails to show that she was treated less favorably than a similarly-situated person outside her protected class)).

The Eleventh Circuit has upheld dismissal of Title VII discrimination claims where the complaint does not provide a factual basis for showing that the alleged comparator is "similarly situated in all material respects." Gilliam v. U.S. Dep't of Veterans Affs., 822 F. App'x 985, 991 (11th Cir. 2020); see also Arafat v. Sch. Bd. of Broward Cnty., 549 F. App'x 872, 874 (11th Cir. 2013) (granting motion to dismiss when the plaintiff failed to "identify any valid comparators to undergird her disparate treatment" other than "younger males"); Uppal v. Hosp. Corp. of Am., No. 8:09-cv-634-T-33TBM, 2011 WL 2631869, at *3 (M.D. Fla. July 5, 2011) (granting motion to dismiss disparate treatment claim where "Uppal's discrimination counts state in conclusory fashion that other similarly situated employees not of Uppal's gender, race and/or national origin were not treated in the same way as Uppal . . . . Uppal does not allege any facts to support these conclusory allegations.").

Here, too, Ashford fails to allege any facts to support his conclusory statements that "Defendants have not fired other non-African American employees

for making complaints about harassment in the workplace," and that "other similarly situated employees of Defendants who engaged in conduct that Defendants relied upon to terminate his employment were not terminated by the Defendants." Compl. ¶¶ 25, 31. Although a complaint in an employment discrimination case need not contain specific facts establishing a prima facie case under the evidentiary framework to survive a motion to dismiss, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002), the complaint still must provide enough factual allegations (taken as true) to suggest a plausible claim of discrimination. See Henderson, 436 F. App'x at 937. Ashford's Complaint contains nothing more than conclusory allegations that Defendants harmed him. Such "unadorned" allegations are insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678.

Accordingly, the Court finds that Ashford has failed to plausibly allege discrimination in violation of Title VII, and Ashford's objections to the Magistrate Judge's R&R recommending dismissal of Count II of his Complaint are **OVERRULED**.

### C. Punitive Damages (Count III)

Finally, Ashford takes issue with the Magistrate Judge's recommendation that his punitive damages claim be dismissed. Pl.'s Objs. at 11-12. Ashford

contends that he has adequately alleged that Defendants acted "with malice or reckless indifference to the Plaintiff's federally protected rights." Id. However, Ashford does not address the Magistrate Judge's finding that punitive damages cannot survive in the absence of any underlying substantive claim. R&R at 30 n.12; see also 42 U.S.C. § 1981a(a)(1) ("[T]he complaining party may recover compensatory and punitive damages . . . , in addition to any relief authorized by [42 U.S.C. § 2000e-5(g)].") (emphasis added); King v. Fulton Cnty., No. 1:08-CV-3729-TWT, 2009 WL 1322341, at *1 (N.D. Ga. May 11, 2009) ("Section 1981a authorizes the recovery of compensatory and punitive damages to remedy intentional employment discrimination, as an additional remedy to equitable relief provided under Title VII. Section 1981a is not a separate statutory violation. It merely provides additional remedies for violations of Title VII."). The Magistrate Judge did not err in finding that Ashford's claims for punitive damages cannot proceed as a standalone cause of action. Accordingly, Ashford's objections, which are irrelevant to that inquiry, are **OVERRULED**.

## IV.   CONCLUSION

For the foregoing reasons, and after a consideration of Plaintiff Tramaine Ashford's objections and a de novo review of the record, it is hereby **ORDERED**

13

that Plaintiff's Objections to the R&R [Doc. 12] are **OVERRULED**.[5] As to the remainder of the R&R to which no objections have been filed, this Court has reviewed it and the record for plain error and finds none.

The Court **APPROVES and ADOPTS** the Final Report and Recommendation [Doc. 10] as the Opinion and Order of this Court. It is hereby **ORDERED** that Defendants Northside Hospital, Inc., and Laureate Medical Group at Northside, LLC's Motion to Dismiss [Doc. 5] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to all claims asserted in Plaintiff's Complaint and **DENIED AS MOOT** with respect to Defendants'

---

[5] Within his objections, Ashford also requests leave to amend his Complaint. Pl.'s Objs. at 13. However, "a request for leave to amend must be made by motion 'in writing unless made during a hearing or trial'" and "must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" Wiand v. ATC Brokers Ltd., 96 F.4th 1303, 1312 (11th Cir. 2024) (first quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277) (11th Cir. 2018); then quoting Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018)). The Eleventh Circuit has repeatedly held that when "a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been properly raised." Id. (quoting Newton, 895 F.3d at 1277). Ashford has neither filed a separate motion seeking leave to amend, nor does his request set forth the substance of the proposed amendment. See id. (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiff did not file a separate motion, "and his summary requests embedded in the memoranda in opposition to the motions to dismiss had no legal effect"). Accordingly, Ashford's motion for leave to amend his complaint is **DENIED**.

arguments regarding a hostile work environment claim. It is further **ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 15th day of August 2024.

_____
MARK H. COHEN
United States District Judge